NEW-YORK,
Nov. 28^0.

RELIGIOUS
SOCIETY
v.
STONE.

⸻ ⊛ ⸻

### The first RELIGIOUS SOCIETY in WHITESTOWN against STONE.

*Where the members of an incorporated religious society, subscribed a written agreement with the trustees of the society, by which they individually engaged to pay to the trustees, or such person as the trustees should appoint, the sums set opposite their respective names, for the purpose of raising a salary for the support of S. a minister of the gospel, to be paid annually, so long as S. shall administer the gospel in the said society, and so long as the subscribers should reside within four miles of the meeting-house in said society, &c. It was held, that this was a valid contract, in law, and binding on the subscribers, so long as S. continued to administer the gospel, and the subscribers to reside within the distance of four miles; and could not be dissolved but by mutual consent, nor cease to be obligatory, until the minister ceased to render the service stipulated.*

THIS was an action of *assumpsit*, tried at the *Oneida* circuit, in *June*, 1809, before his honour Mr. Justice *Yates*. The action was brought upon an instrument, not under seal, signed by the defendant, with others, as follows:

" Know all men by these presents, that we whose names are hereunder written, being members of the first religious society in *Whitestown*, and being desirous of raising a salary for the support of the reverend *Samuel F. Snowden*, as a minister of the gospel in said society, do, in order to carry this our desire into effect, and for the consideration of one dollar received of the trustees of the said religious society, to our full satisfaction, before signing this instrument, promise, covenant, and engage, each one for himself, individually and severally, to and with the said trustees, that we will each one pay, or cause to be paid, unto the said trustees, or such person or persons as they shall appoint to receive the same, such sums as are respectively annexed to each of our names, to be paid annually in each and every year, so long as the said reverend Mr. *Snowden* shall administer the gospel in said society, and so long as we the subscribers shall reside within four miles of the

meeting-house in said society, to be by the said trustees applied for the sole and only purpose of paying the salary of the said reverend Mr. *Snowden*. And it is further agreed by us the subscribers, that the first annual payment shall be made at the expiration of one year after the said reverend *Samuel F. Snowden* shall be installed or ordained in the said society, and in each and every year thereafter. And now it is the true meaning of us the subscribers to this instrument, that the same shall not be obligatory on us in any manner, until the whole sum subscribed shall amount to the sum of four hundred and fifty dollars. In testimony whereof," &c.

At the trial, the signature of the defendant, and the amount of his subscription of five dollars *per annum*, were admitted. The plaintiff proved, that Mr. *Snowden* had been regularly installed, as a minister of the gospel in the said society, on the 8th of *September*, 1802, and that he had regularly and statedly administered the gospel in the said society from that time till the present, and was still a minister of the gospel in the society. That the defendant, at the time of his subscription, and ever since, had resided within four miles of the meeting-house in the said society, and that the sum of four hundred and fifty dollars was subscribed to the said instrument, previous to the installation of Mr. *Snowden;* that the sum of five dollars was due from the defendant on the 9th of *September*, 1808, which remained unpaid upon the said subscription, and for which the present action was brought.

The defendant's counsel moved for a nonsuit, on the ground that no legal obligation existed, on the part of a subscriber for the support of a minister; but the same depended wholly on the will of the subscriber; and that the instrument recited was inoperative as to the defendant; but the judge overruled the motion.

Several witnesses were then sworn, on the part of the

NEW-YORK,
Nov. 1810.

RELIGIOUS
SOCIETY
v.
STO'E.

NEW-YORK,
Nov. 1810.

RELIGIOUS
SOCIETY
v.
STONE.

defendant, to prove that the trustees of the said society had not, during several years, been regularly elected.

The plaintiff then gave in evidence an exemplification of " an act relative to the first religious society in *Whitestown*," passed the 8th *April*, 1808, as follows :

" Be it enacted, &c. that the various provisions contained in the act entitled, an act relative to the first congregational church in the town of *Bridgewater*, passed the third day of *April*, one thousand eight hundred and seven, shall be and are hereby extended to the first religious society in *Whitestown*, any omission to supply vacancies in the trustees of the said society notwithstanding."

The plaintiff also read in evidence the act entitled, " an act relative to the first congregational society in the town of *Bridgewater*," passed the 3d day of *April*, 1807 :

" Whereas the trustees of said society, by their petition presented to the legislature, have represented, that the society have, since their incorporation, omitted to fill up the vacancies in the board of trustees, until after the time prescribed by law for filling the same had expired, and have prayed relief in the premises. Therefore,

" Be it enacted, &c. that all acts done by the said trustees in relation to the said society for their incorporation, shall, to all intents and purposes, be as valid as if the vacancies in the board of trustees had been settled on the day prescribed by law for that purpose, and that all grants made to, and all contracts made by and with the said trustees, shall, in every respect, be as valid as if they had in all things complied with the law in relation to filling up the vacancies in the board of trustees ; and the said religious society is hereby restored to all the rights they may have lost by the omission to fill the vacancies as required by law."

Upon this evidence, the judge directed the jury to

find for the plaintiff; and the jury found a verdict accordingly.

On a case containing the above facts, a motion was made to set aside the verdict, which was submitted to the court, without argument.

*Per Curiam.* The contract was valid in law. It was made with a corporation competent to contract. The consideration was the preaching of the gospel by the reverend Mr. *Snowden;* and as long as he continued to administer the gospel, and the defendant to reside within the specific distance, so long was the defendant bound by his contract. It could not be dissolved but by mutual consent, nor cease to be obligatory, until the minister ceased to render the service. Thus, in the case of *Martyn* v. *Hind,* (*Doug.* 142. *Cowp.* 437.) it was held, that if a rector appoint a curate of a parish, and undertakes to continue him, and allow him a salary till he shall be otherwise provided with some ecclesiastical preferment, or lawfully removed, he cannot be removed without cause ; and as long as the rector continues rector of that parish, he is bound to pay the salary; and if it be in arrear, the curate may recover it, in an action of *assumpsit.* Lord *Mansfield* said, that if the curate was not enabled to do the duty, the rector would be excused from paying him the salary; for the service as curate was not only the consideration, but the condition of the salary. The promise in that case was in writing, not under seal, like the subscription in this case. A similar decision was long before made in the case of *Taylor* v. *Gay.* (1 *Sid.* 409.)

The act of the legislature, of the 8th of *April,* 1808, removed any objection, if any valid one before existed, as to the validity of the title of the trustees for the time being. The motion on the part of the defendant to set aside the verdict is denied.

Motion denied.