THE RICHMONDVILLE UNION SEMINARY AND FEMALE COLLEGIATE INSTITUTE *vs.* BROWNELL.

The trustees of a literary institution being engaged in erecting a building, the defendant requested them to complete the same, and for the purpose of enabling them to do so, he subscribed a paper, by which he agreed to pay to the institution $200, in consideration of which he was to receive eight shares of the capital stock of the institution. Upon the faith of this promise expenditures were incurred, and the building completed, to the defendant's knowledge, and with his consent and approval. *Held*, on demurrer, that the agreement was upon a sufficient consideration, and that an action would lie, thereon.

THE complaint in this action avers, that previous to and on the first day of August, 1853, a building was being erected in Richmondville, Schoharie county, under and by the direction of the trustees of the plaintiff; that the defendant and numerous other persons were desirous that said building should be completed, and in pursuance of said object and for the purpose of completing said building, the defendant and various other persons mutually agreed, to and with each other, by a subscription signed by them, on or about the 1st day of August, 1853, to pay to the trustees of said plaintiff, or to their successors in office, the sums affixed to their names, at such times and in such installments as the trustees should

require. That the said defendant, for the purpose of carrying out the common object of erecting said building, did on or about the 1st day of August, 1853, subscribe and mutually promise and agree, as aforesaid, to pay the sum of $200 to the trustees, &c. as aforesaid; that being the sum subscribed by him on or about the 1st day of August, 1853, as aforesaid, and being for eight shares of the capital stock of the Richmondville Union Seminary and Female Collegiate Institute. That upon the faith of said subscription, promise and agreement made by the defendant as aforesaid, the plaintiff, by its trustees, officers and agents, has paid, laid out and expended large sums of money in the erection and completion of said building, and that upon the faith thereof work has been performed and liabilities assumed and incurred by said. plaintiff; and that said building, upon the faith thereof, has been completed by said plaintiff. The complaint then alleges that all of said outlay, expenses, liabilities and engagements have been incurred by said plaintiff, and all the work done has been done to the defendant's knowledge, and by his consent and approval. That the amount of subscription was due before the commencement of this suit. That the defendant, although often requested by the said trustees to pay said sum of two hundred dollars and interest, has not paid the same, or any part thereof, and is justly indebted to the plaintiff therefor; wherefore the plaintiff demands judgment for the sum of two hundred dollars and interest and costs. The defendant interposed a general demurrer to the complaint. The case was heard at the Schoharie circuit, in May, 1859, before Justice WRIGHT, and the demurrer overruled, with the usual leave to amend. The defendant appealed to the general term.

*A. C. Paige,* for the appellant.

*L. Tremain,* for the respondent.

*By the Court,* MILLER, J. I do not think that the complaint demurred to can be considered as presenting one of that class of cases within the principle which holds that a voluntary donation for the endowment of a literary institution is void for want of consideration. In the case of *The Trustees of Hamilton College* v. *Stewart,* (1 *Comst.* 581,) in which it was held that there was no consideration for the subscription, and that no action would lie, there was no engagement on the part of the plaintiff, or of any other person, to do or forbear to do any thing as a consideration for the promise of the defendant, and no request by any of the subscribers that the plaintiff should do any thing. It was conceded by Justice Gardiner, who delivered the opinion of the court, that if the agreement had furnished evidence of a request to the plaintiff, by the defendant, to perform certain services, in consideration of which he promised to pay them the sum subscribed by him, the right of the plaintiff to the subscription money would have been unquestionable. In *Limerick Academy* v. *Davis,* (11 *Mass. Rep.* 113,) the action was upon a subscription very similar to the one in 1 *Comst.* 581, and the court held " that it was a promise to give, connected with a similar promise of others to give, for that same purpose ; at most it was a donation, to come into operation at the will of the subscriber." In *Bridgewater Academy* v. *Gilbert,* (2 *Pick.* 578,) it was a mere naked subscription to a fund for rebuilding an academy, and the court held that the subscription paper alone would not sustain the action. In neither of the last two cases was there any evidence to show a request, or that the defendants had knowledge that the trustees were incurring the expenses, upon the faith of the subscription, or that the defendants sanctioned their acts or induced them to incur the expenses. Neither of the cases cited are similar to the one now under consideration. Here there is an averment of a consideration. The case may be properly stated thus : The defendant and others were desirous of completing the building, and requested the

plaintiff to complete the same; and for the purpose of enabling the plaintiff to do so, the defendant subscribed and agreed to pay the plaintiff the sum of two hundred dollars, in consideration of which he was to receive from the plaintiff eight shares of the capital stock of the Richmondville Union Seminary and Female Collegiate Institute. The expenditure was incurred, and the work done, to the defendant's knowledge, and by his consent and approval. The defendant was in fact a subscriber for eight shares of the capital stock of the company, which gave him rights and privileges as a share holder, and which shares the corporation were bound to issue for the amount of his subscription. This was a sufficient consideration to sustain the agreement. It appears to me that the allegations in the complaint show a promise on the part of the plaintiff to complete the building.

The object and design of the subscription was for this purpose; and it is averred that in pursuance of said object the defendant subscribed and agreed to pay the sum of two hundred dollars, for which he was to receive eight shares of the stock. The subscription was accepted and received with at least an implied promise that the object should be carried out. There are, however, cases which hold that the consideration for a promise may consist in the inconvenience, disadvantage or harm incurred by the promisee. Where some detriment or injury has arisen by reason of the express or implied promise of the defendant, it is a sufficient consideration to sustain the promise of the latter. Gratuitous promises may be enforced, where they have operated to induce engagements or liabilities, within the knowledge of the promissor. Incurring expenses, and assuming liabilities in consequence of the promise, is regarded as a sufficient consideration. (*See Barnes* v. *Perine,* 9 *Barb.* 211, 212, *and authorities there cited.*) The complaint in this case was that the plaintiff, upon the faith of the subscription, promise and agreement of the defendant, expended money and incurred liabilities, and that this was done with the knowledge, consent and approval

of the defendant. This expenditure was a detriment to the plaintiff, which would constitute a sufficient consideration.. I am inclined to think that the subscription paper, as set forth in the complaint, shows a request. The building was to be erected. The defendant desired it completed, and agreed to pay a certain sum towards it. This involved a request to proceed with its erection. The averment of the defendant's consent and approval (which I think is intended to be before and at the time the work was done, and not afterwards,) is also sufficient to show at least an implied request to the plaintiff. The other objections taken to the complaint cannot be sustained; and upon the whole I am of the opinion that this complaint can be upheld, within the principle laid down in *Barnes* v. *Perine*, (9 *Barb.* 203; 15 *id.* 247; 2 *Kern.* 18.) See also *The First Religious Society in Whitestown* v. *Stone*, (7 *John.* 112;) *McAuley* v. *Billinger*, (20 *id.* 89;) *Hamilton and Deansville Plank Road Co.* v. *Rice*, (7 *Barb.* 157.)

In accordance with this view of the case, the same questions have been substantially raised and decided by the general term of this district in the case of *The same plaintiff* v. *John McDonald, jr.*

The judgment of the special term must be affirmed with costs, with leave to the defendant to amend upon the usual terms.

[ALBANY GENERAL TERM, March 3, 1862. *Hogeboom, Peckham* and *Miller*, Justices.]