Nov. Term,
1855.

SHINLOUB
v.
AMMERMAN.

*J. H. Matlock* and *D. M. Cox*, for the state.

———•◦•———

7b 347
133 158

## SHINLOUB *v.* AMMERMAN.

Slander. The complaint alleged that on, &c., the defendant spoke the following false and slanderous words of the plaintiff, that is to say, he (meaning the plaintiff) swore a lie; * * * he (meaning the plaintiff) swore a lie before *B.* (meaning *A. B.*, a justice of the peace,) and I can prove it; by

Nov. Term,
1855.

SHINLOUB
v.
AMMERMAN.

which plaintiff is damaged, &c.   *Held,* that the complaint was insufficient on demurrer.

To say of a person that he swore to a lie, is not actionable *per se.*   The words can only become so by reference to a judicial proceeding in which the person is alleged to have testified falsely.

Form number 17, p. 346, 2 R. S. 1852, may be used wherever it is applicable; but it does not apply to a case where the words to be inserted are not slanderous *per se,* unless there be added averments to make them actionable.

The spirit of the code of 1852 is, that the parties shall place upon the record, in the form of averments, the real facts of the case, eschewing all fictions and repetitions.

Where a form given by the statute dispenses with an averment which would otherwise be material, the statute, by declaring the form sufficient, stands in the place of the averment.

*Wednesday,*
*December 26.*

APPEAL from the *Decatur* Circuit Court.

GOOKINS, J.—*Ammerman* sued *Shinloub* in slander, and complained that on, &c., the defendant spoke the following false and slanderous words of the plaintiff, that is to say, he (meaning the plaintiff) swore a lie; *Wince,* (meaning the plaintiff) swore a lie; *Ammerman* (meaning the plaintiff) swore a lie, and I can prove it; he (meaning the plaintiff) swore a lie before *Belmont* (meaning *James B. Belmont,* a justice of the peace,) and I can prove it; by which plaintiff is damaged, &c.

The defendant demurred to the complaint, and assigned for cause of demurrer that it did not state facts sufficient to constitute a cause of action.   The Circuit Court held the complaint sufficient; and the subsequent proceedings resulted in a verdict and judgment for the plaintiff, from which the defendant appeals.

It is obvious that the complaint contains no charge of slander, unless the statute makes it sufficient.   Section 1, 2 R. S. 1852, p. 341, provides, that in all proceedings in civil and criminal actions, the following forms may be used and are sufficient, in all cases where they are applicable, and, in other cases, forms may be used as nearly similar as the nature of the case will admit; but no pleading shall be deemed invalid for want of form, if it contain the substance required by law.

Various forms are annexed, the 17th of which is a complaint for slander, which is as follows:

"*A. B.* complains of *C. D.*, and says, that on, &c., the defendant spoke the following false and slanderous words of the plaintiff, that is to say, [here insert the words,] by which plaintiff says he is damaged to the amount of —— dollars, for which he demands judgment."

There are other provisions of the code which have a bearing upon the subject. Section 47, p. 37, abolishes the forms of action formerly used in pleading, and provides that the sufficiency of pleadings shall be determined by the rules prescribed by that act. The 2d sub-section of section 49, provides that the complaint shall contain "a statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended."

The 86th section, p. 45, is as follows:

"In an action for libel or slander, it shall be sufficient to state generally that the defamatory matter was published or spoken of the plaintiff; and if the allegation be denied, the plaintiff must prove, on the trial, the facts showing that the defamatory matter was published or spoken of him."

We are of the opinion that the complaint in this case is not sufficient. As already stated, the words spoken were not actionable *per se.* They could only become so by reference to a judicial proceeding in which the plaintiff was alleged to have testified falsely. *Cummins* v. *Butler*, 3 Blackf. 190. That decision is sustained and followed by numerous authorities to the same import.

The form above given may be used wherever it is applicable, but we think it is not applicable to a case where the words to be inserted are not slanderous *per se*, unless there be added averments to make them actionable. The spirit of the code is, that the parties shall place upon the record, in the form of averments, the real facts of the case, eschewing all fictions and repetitions. It is true the form does dispense with some averments, or one, at least; and the statute, by declaring the form sufficient, stands in the place of that averment. It does not require an averment

that the words were spoken in the hearing of any person. But that is implied from the necessity of the case. Slanderous words, to be actionable, must be published, which can not be done without a hearer. But when it is said of a man that he has sworn a lie, it is not necessarily implied that the swearing was in a judicial proceeding. Nor will it do to say that "a person of common understanding" would attach to those words an imputation of perjury. It is the facts which constitute the cause of action that are to be thus stated. The facts stated in the complaint do not constitute any cause of action; it is not, consequently, aided by the clause of the statute above referred to.

There is another instance in which averments, which the case may require to be proved, are dispensed with. It is found in the 86th section above quoted, which is, that the plaintiff may allege generally that the defamatory words were spoken of himself. Slander is sometimes uttered with circumlocution, and with descriptions which apply it to the party intended, as in *Harper* v. *Delp*, 3 Ind. R. 225, without naming the person at whom it is aimed. In such a case the 86th section would not require a recital of the facts which applied the slander to the plaintiff, but he would be permitted to state, as in the form, that it was spoken of him, and prove the facts on the trial. This is easily distinguished from the present case. The thing to be established is alleged, that is, that the slander was published against the plaintiff; but in the case before us, no slander is alleged to have been published of any one.

We are disposed to give full effect to every part of the code, but to sustain this complaint, we must go much further than the code itself has gone, and, disregarding the substance, adopt a mere form, which the code has not required us to adopt.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with directions to the Circuit Court to sustain the defendant's demurrer to the plaintiff's complaint, with leave to the plaintiff to amend, if he shall think proper, on payment of the costs subsequent to the

filing of the demurrer.  Otherwise let final judgment be given for the defendant.

*J. Gavin* and *J. R. Coverdill*, for the appellant.

*J. S. Scobey* and *W. Cumback*, for the appellee.