Lawson v. Sherra.

*Per Curiam.*—The judgment below is affirmed, with 5 per cent. damages and costs.

*John L. Ketchum*, for the appellant.

*Frederick Rand* and *Reginald H. Hall*, for the appellee.

------

## LAWSON v. SHERRA.

PLEADING.—In an action upon a note, the complaint, to be sufficient, should contain an averment that the note remains unpaid.

PRACTICE.—In such an action, where the complaint avers that the note was made to an unmarried women, who afterwards married, and then with her husband indorsed the note to another person, who indorsed it to the plaintiff, and the complaint is not denied under oath, it is not necessary, on the trial, for the plaintiff to prove said marriage and indorsement as alleged.

APPEAL from the *Decatur* Common Pleas.

DAVISON, J.—*Sherra*, who was the plaintiff, brought this action against *Lawson*, upon a promissory note, which, with the indorsements thereon, reads thus:

"$800. *Milford, September* 12, 1853.

"For value received, I promise to pay *Sarah Jones*, or order, 800 dollars nine years after date, with interest from date, and without any relief whatever from the appraisement laws. JAMES LAWSON.

"Indorsed: I assign the within note to *Dyer Cobb* for value received, *February* 10, 1863. PLEASANT MARTIN,

"SARAH MARTIN.

Lawson *v.* Sherra.

"Indorsed: I assign the within note to *Michael Sherra*, without any recourse on me, *February* 28, 1863.

"DYER COBB."

It is averred that *Sarah Jones*, the payee of the note after its execution, intermarried with said *Pleasant Martin*, and that she, with her husband, assigned it to *Cobb*, who assigned the same to the plaintiff as aforesaid. Wherefore, the plaintiff demands judgment on said note against the defendant for 1,300 dollars, in accordance with its conditions. Defendant's answer consists of five paragraphs. Plaintiff demurred to the second, third and fourth. As to the second and fourth, the demurrer was overruled; but to the third it was sustained. The first paragraph is a denial. The issues were submitted to the Court, who found for the plaintiff, and, having refused a new trial, rendered judgment, &c.

Upon the trial the plaintiff gave in evidence the note with its indorsements, and that was all the evidence given in the cause. For a reversal the appellant assumes two grounds:

1. The complaint is defective, because it fails to allege that the note was unpaid.

2. The evidence is insufficient in this, that it fails to prove the alleged intermarriage of *Sarah Jones* and *Pleasant Martin*, or that *Sarah Jones* indorsed the note.

The form of a complaint on a note, as contained in the revision of 1852, includes an averment that it "remains unpaid." 2 R. S. (G. & H.) p. 373. And, it seems to us, that the form thus prescribed, should, in its substantial requirements, be pursued. Perhaps it would be sufficient to adopt the old form, viz: that the defendant neglected and refused to pay the note, or any part thereof. 1 Chitty's pl., 365, 375. It is, however, very clear that a pleading founded on a contract is never complete, either in form or substance, unless it alleges a breach. *Ketallis* v. *Myers*, 3 E. D. Smith 83. True,

the plaintiff, though he avers the non-payment of the note, is not bound to prove as averred; but that, in point of law, is no reason why the averment should not be made. To illustrate, suppose a suit upon a bond conditioned for the conveyance of real estate, the complaint would be defective unless it averred a breach in the failure to convey, and yet if it did contain such breach, the plaintiff would not be required to prove it. We think the first ground of objection is well taken.

The second ground is: "That the evidence was insufficient; that it fails to prove the alleged intermarriage of *Sarah Jones* and *Pleasant Martin*, or that *Sarah Jones* indorsed the note. Under the pleadings in the cause such proof was not required. The complaint avers the intermarriage, and that *Sarah Jones* assigned the note by the name of *Sarah Martin;* but there is no pleading in denial of the assignment, verified by oath, and hence it was not incumbent on the plaintiff to prove its execution. *Patterson* v. *Crawford*, 12 Ind. 241. For the defect in the complaint the judgment must be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Oscar B. Hord* and *Cortez Ewing*, for the appellant.

*B. W. Wilson*, for the appellee.