### HOWORTH *v.* SCARCE.

PLEADING.—PROMISSORY NOTES.—A complaint upon a promissory note should contain an averment that the note is unpaid.

SAME.—PRACTICE.—An objection to the want of such an allegation in the complaint comes too late after verdict.

APPEAL from the *Hendricks* Circuit Court.

ELLIOTT, J.—Suit by *Scarce*, as assignee of a promissory note, against *Howorth*, the maker. There was an answer in two paragraphs, alleging a failure of consideration. Reply, denying the answer. A trial resulted in a finding for the plaintiff. The defendant moved in arrest, which was overruled, and judgment on the finding. *Howorth* appeals to this court.

The complaint contains no direct averment that the note "remains unpaid," which, the appellant claims, renders it fatally defective, and that the motion in arrest should therefore have been sustained. A good complaint on contract must contain the proper averment of a breach; and where, as here, the suit is on a promissory note, there should be an averment that the note, though due, remains unpaid. Without such an averment, the complaint is defective. *Pace* v. *Grove*, 26 Ind. 26.

It is declared by section 101 of the code, that "the court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment can be reversed or affected by reason of such error or defect." See also § 580.

In the case before us, the complaint contains the averment that the defendant, by the note, is indebted to the plaintiff, with a demand for a judgment for three hundred dollars. No demurrer was filed to the complaint. It is evident that no substantial right of the appellant was, or could be, affected by the defect. If the complaint had contained the formal allegation that the note remained unpaid,

the plaintiff would not have been required to prove it, nor could the appellant have offered any evidence of its payment without first affirmatively pleading it, and we think the objection comes too late after verdict.

The judgment is affirmed, with costs.

*C. C. Nave*, for appellant.

*W. A. McKenzie*, for appellee.