## KENT v. CANTRALL.

CONVEYANCE.—*Statutory Deed.*—"*Convey and Warrant.*"—A deed executed in conformity with section 12 of the act concerning real estate and the alienation thereof, approved May 6th, 1852, is by force of the statute deemed to contain all the common law covenants, and has the same force and effect as a common law deed of conveyance. The words "convey and warrant" are equivalent to covenants that the grantor is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof; that the same are free from all incumbrances, and that the grantor will warrant and defend the title to the same against all lawful claims.

MORTGAGE.—*Payment by Grantee.*—The purchaser under a warranty deed may pay off a mortgage placed on the land by his grantor, and sue the latter to recover the amount so paid, without awaiting a foreclosure or eviction from the premises.

SAME.—*Set-Off.*—In such action the grantor cannot set off against the plaintiff's claim a debt owed to him by the mortgagee.

PLEADING.—It is not necessary to aver in a complaint by the grantee, to recover the amount paid to satisfy an outstanding mortgage, that the grantor has not repaid the same, or that it remains due.

From the Warren Common Pleas.

*L. T. Miller*, for appellant.

*J. McCabe*, for appellee.

BUSKIRK, J.—The action of the court below in overruling

a demurrer to the complaint, and in sustaining one to the second and third paragraphs of the answer, presents for our decision the only questions arising in the record.

The material allegations in the complaint are, that in 1865, Kent had sold and by a warranty deed had conveyed to Cantrall certain described real estate ; that at the time of such conveyance the lands so conveyed, with other lands owned by Kent, were encumbered by a mortgage executed in 1862 by Kent to John N. Drummond, in trust for the Toledo, Wabash, and Western Railway Company ; that such incumbrance was not paid and discharged by Kent, but that, in 1869, Cantrall had been compelled to and had paid to the said company th sum of five hundred and forty-four dollars, in extinguishing the equitable proportion of said mortgage incumbrance against the land described in the said deed. Copies of the deed and mortgage were filed with the complaint.

The appellant answered in three paragraphs : 1. The general denial. 2. That the railway company was indebted to Kent upon a written contract, entered into subsequent to the mortgage and before the deed to Cantrall, in the sum of two thousand dollars, which remained due. A copy of the written contract was filed with and made a part of this paragraph. The prayer was to set off a sufficient amount of such indebtedness to pay the demand of Cantrall.

3. That the payment made by Cantrall was voluntarily made ; that he was in the quiet and peaceable possession of said premises, and in no danger of being evicted therefrom ; and that other lands of the value of one thousand dollars were covered by said mortgage, and that such lands would have sold for enough to have paid and discharged the said mortgage.

A demurrer was sustained to the second and third paragraphs of the answer, and an exception taken.

The cause was tried by the court on the issue formed by the general denial, and there was finding and judgment for plaintiff.

Two objections are urged to the complaint.

1st. That a warranty deed made under and in pursuance of the twelfth section of the act concerning real estate and the alienation thereof, approved May 6th, 1852, confines the grantee to compensation for damages necessarily and unavoidably sustained, and that the doctrine of a technical breach of a covenant against incumbrances ought not to obtain to the extent that the grantee can, without any actual damage, still be permitted to voluntarily damage himself, and thereby make a mere incident assume a substantial right of action.   In other words, that the grantee can not remain in the quiet and peaceable possession of lands without danger of eviction, and pay off an incumbrance thereon and thereby create a liability against the grantor, and that a discharge of an incumbrance, under such circumstances, would amount to a voluntary payment.

It has been decided by this court that a deed, made under the twelfth section of the statute above referred to, contained all the usual common law covenants, and had the same force and effect as a common law deed.   In a common law deed, the covenants are written out in the deed.   Our statute provides that a deed which contains the words convey and warrant shall be deemed to contain such covenants.   See *Carver* v. *Louthain*, 38 Ind. 530.   It is expressly provided by section 12 of said act, that a deed made in the form prescribed shall contain the covenants that the grantor is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof; that the same are free from all incumbrances, and that he will warrant and defend the title to the same against all lawful claims.

We are of opinion that the covenant against incumbrances contained in a deed, made under said section of the statute, has the same force and effect as though it was written out in a deed at common law, and that the liability of the grantee is the same as it was at common law, and that the grantee has the right to pay off and discharge such incum-

brance and recover the amount so paid from his grantor. *Rardin* v. *Walpole*, 38 Ind. 146.

It is next urged that the complaint is defective, because it does not contain an averment that the sum paid by Cantrall to the railway company to discharge such incumbrance remains due and has not been paid to him by Kent; and in support of such position reference is made to the following cases: *Love* v. *Kidwell*, 4 Blackf. 553; *Martin* v. *Baker*, 5 Blackf. 233; *Lawson* v. *Sherra*, 21 Ind. 363; *Pace* v. *Grove*, 26 Ind. 26; *Michael* v. *Thomas*, 27 Ind. 501; *Howorth* v. *Scarce*, 29 Ind. 278.

The first case cited was an action upon an attachment bond, the condition of which was that the plaintiff in attachment would duly prosecute his writ, and pay all damages which the defendant might sustain, should the proceedings thereon be oppressive. The breach assigned was, that though the writ issued, and the proceedings were wrongful and oppressive, the defendants had not paid the penalty of the bond.

This court held that the breach evidently did not conform to the nature of the stipulation, because it did not negative the performance of the contract. It was further held that the declaration should have shown that the oppressive proceedings in attachment had injured the plaintiff in that suit, the nature of the damages he had sustained, and that the defendants had not paid such damages.

The second case cited was an action upon the covenants, in a deed, of seizin and for quiet enjoyment against incumbrances. The declaration contained two assignments of breaches. The breach assigned of the first covenant was, that the defendant was not seized in fee, nor had he good right and lawful authority to sell and convey the same. The breach assigned of the second covenant was, that neither the intestate nor his heirs could lawfully possess and enjoy the land free from all incumbrances.

The court say: " With respect to the second covenant set out in the declaration, viz., for quiet enjoyment against

incumbrances, it may be observed that if the administrator cannot sue on the first covenant, without averring a special damage to his intestate, it follows necessarily that, without such an averment, he can not sue on the second. Besides, the breach assigned of the second covenant is, at all events, too general to be supported. In an action on the covenant of seizin, it is sufficient to allege, in the direct negative, that the defendant was not seized in fee. But where the covenant is for quiet enjoyment free from incumbrances, the mere allegation, as in the case before us, that the party could not so enjoy the land, is not sufficient."

The above case does not cover the point involved in the present case. In that case, the breach assigned was, that neither the grantee nor his heirs could lawfully possess and enjoy the land free from all incumbrances. Here the complaint shows the execution of a warranty deed, the existence of the mortgage, and the amount paid to extinguish the incumbrance. The only objection to the breach is, that it is not alleged that the amount so paid remains due and unpaid.

The third case cited was an action by the assignee against the maker of a promissory note. The court held the complaint bad, because it failed to allege that the note was unpaid. The court say: "The form of a complaint on a note, as contained in the revision of 1852, includes an averment that it 'remains unpaid.' 2 G. & H. 373. And it seems to us, that the form thus prescribed should, in its substantial requirements, be pursued. Perhaps it would be sufficient to adopt the old form, viz.: that the defendant neglected and refused to pay the note, or any part thereof. 1 Chit. Pl. 365, 375."

The fourth case cited was an action upon a promissory note, and the complaint was held defective for the reason stated in the above case.

The fifth case cited was upon an attachment bond, and the complaint was held defective for the reason stated in the case of *Love* v. *Kidwell, supra.*.

The last case cited was an action upon a promissory note,

and the complaint was held bad for not stating that the note remained unpaid. The ruling was based upon that in *Lawson* v. *Sherra.*

The third, fourth, and sixth cases relied upon were decided upon the form prescribed. The first and fifth were upon attachment bonds, where the damages were uncertain and depended upon the proof. The second does not support the position assumed.

The legislature having declared certain forms sufficient, we are required to hold such forms good, but where no form has been prescribed in a given case, we have to look to the principles and forms of pleading as they exist at common law. *Shinloub* v. *Ammerman,* 7 Ind. 347. The legislature having prescribed no forms for actions upon the covenants in a deed, we must consult the common law forms and ascertain whether the complaint in the present case contains a sufficient averment of the breach relied upon.

The following form is given by Mr. Greenleaf, in his treatise on Evidence, vol. 2, sec. 242, note 8:

" The declaration by a grantee, by deed of bargain and sale, against his grantor for breach of the covenant of freedom from incumbrance, by the existence of a paramount title, is in this form : ———' in a plea of covenant; for that the said defendant, on the — day of —— by his deed (if by indenture it should be so set forth), duly executed, acknowledged, and recorded, and by the plaintiff now here produced in court, for a valuable consideration therein mentioned, bargained, sold, and conveyed to the plaintiff (here describe the premises) to have and to hold the same with the appurtenances to the plaintiff and his heirs and assigns forever; and therein, among other things, did covenant with the plaintiff that the said premises were then free from all incumbrance whatsoever. Now the plaintiff in fact says that, at the time of making the said deed, the premises aforesaid were not free from all incumbrance; but on the contrary the plaintiff avers that at the time of making said deed, one E. F. had the paramount and lawful right and title to the same premises; by rea-

son whereof the plaintiff has been obliged to expend, and has expended, a great sum of money, to wit, the sum of ———— in extinguishing the said paramount and lawful right and title of the said E. F. to said premises.'"

Rawle, in his work on Covenants for Titles, copies the above form with approval, and adds, "The form will, of course, vary with the nature of the incumbrance and the manner in which the damages have been sustained."

In speaking of the covenant against incumbrances, the same author, on page 116, says: "The damage on this covenant may arise in various ways. The purchaser may be obliged to extinguish the incumbrance, or he may be evicted under it, or the land may be sold under a subsequent incumbrance, when, if the amount of the former one be paid out of the proceeds of sale, it will, by so much, diminish the amount coming to the plaintiff."

The same author, on page 114, says: "It was observed in the chapter on the covenant for seizin, that in the pleadings on that covenant, it was unnecessary for the plaintiff to specify the paramount title, or indeed refer to it in any way, either in the declaration or replication. A different rule, however, prevails with respect to the covenant against incumbrances. It is not sufficient that the plaintiff negative the words of the covenant generally; he takes upon himself the responsibility of proving the incumbrance, and must set it forth in his declaration. A contrary rule would oblige the defendant to prove a negative. It is not, however, necessary or prudent, either in suing upon this covenant, or upon that for quiet enjoyment or of warranty, that the incumbrance or paramount title should be set forth more than substantially, since if it were particularly alleged and being so alleged were traversed, the plaintiff might not have the means of proving it exactly.

"The damages should, however, be laid with reasonable certainty. As, according to well settled authority, it is a general rule that the mere existence of the incumbrance, without more, will entitle the plaintiff to but nominal dama-

ges, the familiar principle applies that where damage does not necessarily arise from the act complained of, the plaintiff must, to prevent surprise, state the particular damage sustained, or he will not be permitted to give evidence of it on the trial."

We are of opinion for the reasons stated, that the complaint was good, and that the court committed no error in overruling the demurrer to it.

Did the court err in sustaining the demurrer to the second paragraph of the answer? We think the court committed no error in such ruling. The indebtedness of the railway company to the appellant could not be set off in an action by the appellee against the appellant. There was no mutuality. The appellee had no connection with the contract between the appellant and the railway company. The appellee's right of action was against the appellant upon the covenants in his deed, and not against the railway company. The appellee had the clear and undoubted right to extinguish the incumbrance upon his land, and having done so, he is entitled to recover from the appellant the amount so paid, without being complicated by the dealings between appellant and others, between whom and the appellee there is no privity. *Blankenship* v. *Rogers*, 10 Ind. 333; *Dayhuff* v. *Dayhuff's Adm'r*, 27 Ind. 158; *Dodge* v. *Dunham*, 41 Ind. 186.

The third paragraph of the answer set up that the payment was voluntarily made. We have disposed of that question in considering the first objection to the complaint. The action of the court was correct.

The judgment is affirmed, with costs and five per cent. damages.