## GREEN ET AL. *v.* LOUTHAIN.

PLEADING.—*Promissory Note.*—A complaint on a promissory note need not aver that the note is due, if the note is filed as a part of the complaint, and shows upon its face that it is due.

SAME.—A complaint on a promissory note is fatally defective, if it fails to aver that the note sued on is unpaid.

NEGOTIABLE NOTE.—*Protest.*—It is not necessary to protest for non-payment a negotiable note payable at a bank in this State. Notice of a demand and of non-payment is all that is required to hold the indorser.

SAME.—*Defences to.*—A promissory note negotiable by the law merchant, if assigned after maturity, is subject in the hands of the assignee to all defences that could be made to an ordinary non-negotiable note.

From the Delaware Circuit Court.

*W. March* and *W. Brotherton,* for appellants.

BUSKIRK, C. J.—It is alleged in the complaint, that Isaac E. Runyan and J. L. Blount, on the 23d day of March, 1870, made their promissory note, payable to John F. Sanders, at the National Bank at Muncie, Indiana, on the 1st day of October, 1870, for the sum of two hundred and ten dollars; that on the same day George W. Green indorsed his name on the back thereof, when it was delivered to the payee; that the said John F. Sanders sold and delivered said note to A. C. Mel-

lett, for value and before maturity; that the makers thereof refused to pay the same; that "the owner of said note had it duly protested for non-payment, and notice thereof put in the post-office, properly addressed to each of the indorsers thereon;" that afterward A. C. Mellett assigned by delivering the same for value to the plaintiff.

Mellett, who was made a defendant to answer as to his interest in said note, appeared and disclaimed all interest in the note and the controversy.

The other defendants demurred separately to the complaint, but the demurrers were overruled, and this presents for our decision the first question in the case.

The first objection urged to the complaint is, that it does not aver that the note was due. The note was filed with and constituted a part of the complaint, and from that it appears that it was executed on the 23d day of March, 1870, and was due on the 1st day of October of the same year. It appears from the record, that this action was commenced on the 22d day of March, 1871. It sufficiently appears that the note was due when the action was commenced.

It is next objected, that the complaint does not allege that the note was unpaid. This is a fatal objection. *Lawson* v. *Sherra*, 21 Ind. 363; *Pace* v. *Grove*, 26 Ind. 26; *Michael* v. *Thomas*, 27 Ind. 501; *Howorth* v. *Scarce*, 29 Ind. 278; *Kent* v. *Cantrall*, 44 Ind. 452.

The third objection to the complaint is, that it does not allege that the note was indorsed or assigned to the plaintiff. This objection would be fatal if true. *Holman* v. *Langtree*, 40 Ind. 349. But the complaint alleges that A. C. Mellett assigned the note by delivery to plaintiff, and Mellett was made a party to answer as to his interest in the note.

The last objection urged to the complaint is, that it does not appear therefrom that the note was protested, and due notice thereof given to the indorsers. No protest of the note was necessary. All that was required to fix the liability of those secondarily liable was a demand of payment and notice of non-payment. *Parkinson* v. *Finch*, 45 Ind. 122. The

Green *et al. v.* Louthain.

complaint alleges that the note was duly protested, and that notice of its dishonor was given to the indorsers. A protest includes a demand of payment, and notice of non-payment. Protesting would not vitiate the demand. Whether the proper notice of the dishonor of the note was given, was a question of proof upon the trial; and we will not, in advance, undertake to state the law as applicable to demand and notice.

We think the averments of the complaint in reference to the demand of payment and notice of non-payment were sufficient but that the court erred in overruling the demurrer thereto, for the reasons above stated.

Blount and Green filed an answer in five paragraphs:

1. A special *non est factum.*

2. No consideration for note, except the sum of one hundred and twenty-seven dollars.

3. That sixty-five dollars and ninety-seven cents of said note was for usurious interest.

4. That as to sixty-five dollars and ninety-seven cents of said note there was no consideration.

5. That the note was executed and indorsed without any consideration.

A demurrer was filed to the first, second, third, and fourth paragraphs. It was overruled as to the first, and sustained as to the second, third, fourth, and fifth. As there was no demurrer to the fifth, it was error for the court to sustain one to it.

The note was governed by the law merchant, but it having been assigned to the plaintiff after maturity, demand, and non-payment, it is claimed by counsel for appellants that in the hands of the plaintiff it is subject to the same defences as though it had never been governed by commercial law.

It is well settled, that the plaintiff, having acquired title to the note after its maturity and dishonor, holds the same subject to all defences which could be made to an ordinary promissory note. The court erred in sustaining the demurrer to the second, third, and fourth paragraphs of answer. *Hereth v. The Merchants' Nat'l Bank,* 34 Ind. 380.

The judgment is reversed, with costs; and the cause is

remanded, with directions to the court below to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.