## HIGERT v. THE TRUSTEES OF INDIANA ASBURY UNIVERSITY.

PLEADING.—*Demand.*—In an action upon a written contract for the payment of money at a time and place specified therein, the complaint will not be rendered bad on demurrer by a failure to allege therein a special demand of payment made upon the promisor before the commencement of the action.

SAME.—*Allegation that Claim Remains Unpaid.*—In an action upon a written agreement to pay money, it must appear from the complaint that the sum demanded remains unpaid; but in a complaint upon a subscription of money to the building fund of a college, this requirement was sufficiently complied with by an allegation that, "though often requested, the defendant has failed and refused and still fails and refuses to pay the same or any part thereof."

CONSIDERATION.—*Mutual Promises.*—When a number of persons subscribe an instrument, whereby they agree to pay certain sums of money, severally, to be expended in the erection of a college building, their mutual promises constitute a sufficient consideration for the promise of each.

From the Putnam Circuit Court.

*F. T. Brown* and *J. Hanna,* for appellant.

*S. Claypool, C. C. Matson* and *L. P. Chapin,* for appellee.

BUSKIRK, J.—This action was based upon the following instrument:

"We, the undersigned, of the city of Greencastle and township of Greencastle, county of Putnam and State of

Indiana, do hereby agree to pay to the Indiana Asbury University, for the purpose of increasing and enlarging the building fund of said University, to be expended in a college building or buildings, in or near said city, one per cent. on the amount of property held by us, severally, in said city and township, as shown by the tax duplicate of said county, in the treasurer's office of said county.   We further agree each to pay the additional sum of two dollars, and to pay said sums of money, at said treasurer's office, in said county, one-half at the time we severally pay our state and county taxes for the year 1870, and the other half when we severally pay our taxes for 1871.   This subscription to be binding only upon the condition that not less than fifteen thousand dollars be made and raised for said purpose.

"ROBERT S. HIGERT" and others.

The complaint alleges the execution of the foregoing instrument by the appellant and many others; that the sum subscribed exceeded the sum of fifteen thousand dollars; that the property owned by the appellant, as shown by the tax duplicate, was eight thousand two hundred and fifty dollars; that there was due the sum of eighty-four dollars and fifty cents on said subscription; and though long since due, and being often requested, said defendant has failed and refused and still fails and refuses to pay the same or any part thereof.   There was a demand for judgment for two hundred dollars, and other proper relief.   The action was commenced on the 21st day of August, 1873.   There was a demurrer to the complaint for the want of sufficient facts, which was overruled, and an exception taken.   There was issue, trial by the court, and finding and judgment for appellee.

The errors assigned call in question the action of the court in overruling the demurrer to the complaint and the motion for a new trial.

The first objection urged to the complaint is, that it is not averred that the appellee made a special demand of payment of the appellant, before the bringing of the action.

The objection is not well taken. Both the time and place of payment are specified in the contract. *Bradfield* v. *McCormick,* 3 Blackf. 161; *Frazee* v. *McChord,* 1 Ind. 224; *Johnson* v. *Seymour,* 19 Ind. 24; *Fankboner* v. *Fankboner,* 20 Ind. 62; *McCullough* v. *Cook,* 34 Ind. 290; *Mercer* v. *Patterson,* 41 Ind. 440.

The second objection urged to the complaint is, that it is not averred that the sum subscribed remains unpaid. It is well settled, by repeated decisions of this court, that in an action upon an instrument containing an agreement to pay money, it must appear from the complaint that the sum demanded remains unpaid. *Lawson* v. *Sherra,* 21 Ind. 363; *Pace* v. *Grove,* 26 Ind. 26; *Michael* v. *Thomas,* 27 Ind. 501; *Howorth* v. *Scarce,* 29 Ind. 278; *Kent* v. *Cantrall,* 44 Ind. 452; *Stafford* v. *Davidson,* 47 Ind. 319. But it has never been held that the words "remains unpaid" must be used. These words are used in form No. 1, 2 G. & H. 373, which is a complaint upon a promissory note, and yet, in *Lawson* v. *Sherra, supra,* in speaking of a complaint founded upon a promissory note, it is said, that such form should, in its substantial requirements, be pursued, but it was added, "Perhaps it would be sufficient to adopt the old form, viz., that the defendant neglected and refused to pay the note, or any part thereof." In *Kent* v. *Cantrall, supra,* it is said: "The legislature having declared certain forms sufficient, we are required to hold such forms good, but where no form has been prescribed in a given case, we have to look to the principles and forms of pleading, as they exist at common law. *Shinloub* v. *Ammerman,* 7 Ind. 347."

Apply that rule to the present case. No form of a complaint upon the instrument which is the foundation of the present action has been prescribed by the legislature. We then look to the principles and forms of pleading, as they exist at common law, and, according to such principles and forms, the averments that, though often requested, the defendant has failed and refused, and still fails and refuses, to pay the same or any part thereof, are sufficient, and are

the equivalent of the words "remains unpaid," as used in said form.

The third objection urged to the complaint is, that the contract set out therein is void, for the want of consideration to support the promise. The brief of counsel for appellant evinces great research and ability in the discussion of this point, and we are referred to many cases which hold that the contract sued upon is void for want of consideration. The leading case relied upon is that of *The Trustees of Hamilton College* v. *Stewart,* 1 Comst. 581. There is a conflict in the authorities, which we shall not attempt to reconcile. There is a long line of decisions in this court which support and uphold the contract in question, and they are, *Johnson* v. *Wabash College,* 2 Ind. 555; *Peirce* v. *Ruley,* 5 Ind. 69; *Leviston* v. *The Junction R. R. Co.,* 7 Ind. 597; *Jewett* v. *Salisbury,* 16 Ind. 370; *Downey* v. *Hinchman,* 25 Ind. 453; *Davis* v. *Calloway,* 30 Ind. 112; *The Northwestern Conference of Universalists* v. *Myers,* 36 Ind. 375. The The rule established by the foregoing cases is, in our judgment, in accord with the rule as it exists elsewhere. *George* v. *Harris,* 4 N. H. 533; *The Congregational Society, etc.,* v. *Perry,* 6 N. H. 164; *The First Religious Society, etc.,* v. *Stone,* 7 Johns. 112; *M'Auley* v. *Billinger,* 20 Johns. 89; *Underwood* v. *Waldron,* 12 Mich. 73; *Stewart* v. *The Trustees of Hamilton College,* 2 Denio, 403; *Trustees, etc.,* v. *Stetson,* 5 Pick. 506; *Watkins* v. *Eames,* 9 Cush. 537; *The Trustees of Amherst Academy* v. *Cowls,* 6 Pick. 427; *Thompson* v. *Page,* 1 Met. 565; *Ives* v. *Sterling,* 6 Met. 310; *Patchin* v. *Swift,* 21 Vt. 292; *Trustees Troy Conference Academy* v. *Nelson,* 24 Vt. 189; *Collins* v. *Case,* 23 Wis. 230; *Lathrop* v. *Knapp,* 27 Wis. 214; *Christian College* v. *Hendley,* 49 Cal. 347.

In the case last cited, it was held that, "if a number of persons subscribe to a paper, in which they promise to contribute money for the accomplishment of an object of interest to all, as the erection of a building for a college, and which object cannot be accomplished, save by their common

performance, their mutual promises constitute mutual obligations, and are a sufficient consideration to support the promise of each."

In *Lathrop* v. *Knapp, supra,* it is said by DIXON, C. J.: " I am aware that the case of *Trustees of Hamilton College* v. *Stewart,* 1 Comst. 581, is in conflict with the principle here asserted. That case is cited and relied upon here, but I am not satisfied with the decision, and not disposed to follow it. It stands alone, or nearly so, and I think the authorities above cited, which constitute by far the greatest weight, lay down the sounder and better rule, and that which is more in harmony with reason and justice."

We are very clearly of opinion that the complaint is good, and that the court committed no error in overruling the demurrer thereto.

We next inquire whether the court erred in overruling the motion for a new trial.

It is, in the first place, claimed, that it does not appear from the evidence that fifteen thousand dollars were subscribed. We think differently. The evidence on that point, standing, as it does, unimpaired and uncontradicted, was sufficient to justify the verdict.

The second objection grows out of, and is clearly connected with, the first, and that is, that it does not appear that fifteen thousand dollars was subscribed by persons residing in Greencastle township, Putnam county, Indiana. There is nothing in the contract which requires that the subscribers should reside in said township.

We find no error in the record.

The judgment is affirmed, with costs.

DOWNEY, J., being president of the board of trustees of Indiana Asbury University, took no part in the decision of this case.