Goodman *v.* Gordon *et al.*

---

No. 9099.

## GOODMAN *v.* GORDON ET AL.

PLEADING.—*Complaint on Contract.—Due and Unpaid.*—In a suit for a money demand upon contract, express or implied, the complaint must show that the claim, or some part thereof, is due and unpaid, or it will be bad on a demurrer thereto, for the want of sufficient facts.

SAME.—*Contract for Use of Mill.—Sufficiency of Complaint.—Demurrer.*—In a suit upon a parol contract, whereby the defendant agreed to allow the plaintiffs to use a portable saw-mill for thirty days, for their own use and benefit, the complaint will be bad on a demurrer for the want of facts, which does not show that the plaintiffs had use for such mill, for a certain period of thirty days, and that they demanded such use of the mill within a reasonable time.

From the Madison Circuit Court.

*E. P. Schlater* and *A. B. Young*, for appellant.

*W. A. Kittinger, J. W. Sansberry* and *M. A. Chipman*, for appellees.

HOWK, J.—In this action, the appellees sued the appellant, in a complaint of three paragraphs. The appellant's demurrers to each of the first and third paragraphs of the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, were overruled by the court, and to each of these rulings he excepted. The cause was tried by a jury, and a verdict was returned for the appellees, assessing their damages in the sum of one hundred and fifty dollars; and over the appellant's motions for a new trial and in arrest of judgment, and his exceptions saved to each of these rulings, the court rendered judgment on the verdict.

The following decisions of the circuit court are assigned here as errors by appellant:

1. In overruling his demurrers to the first and third paragraphs of complaint;

2. In overruling his motion for a new trial; and,

3. In overruling his motion in arrest of judgment.

In the first paragraph of their complaint the appellees alleged in substance, that, on the — day of November, 1877, they sold and delivered to the appellant a certain saw-mill and fixtures, consisting of saws, belting, engine, boiler, etc., for which the appellant promised and agreed to pay the appellees the sum of twenty-five hundred dollars, of which sum there remained due and unpaid. Wherefore appellees demanded judgment for twelve hundred dollars and all other proper relief.

In the second paragraph of their complaint the appellees averred that, on the — day of November, 1877, they sold and delivered to the appellant one circular saw for a saw-mill; for which appellant promised and agreed to pay the appellees the sum of one hundred and forty-eight dollars, which sum was due and remained wholly unpaid; wherefore, etc.

The appellees alleged in substance, in the third paragraph of their complaint, that on the — day of November, 1877, they sold and delivered a certain portable saw-mill and fixtures, consisting of engine, boiler, saws, shafting, belting, etc., for which the appellant agreed and undertook to pay the appellees the sum of $2,500, as part payment for said mill and fixtures; and as a further consideration the appellant undertook and agreed to allow the appellees to use said saw-mill and fixtures for thirty days, for their own use and benefit; but the appellees averred that, after the appellant took possession of said mill and fixtures, he failed and refused then and since to allow the appellees, or either of them, to use said mill or any part thereof, though often requested so to do; and that the use of said mill and fixtures, for thirty days, was reasonably worth twelve hundred dollars, for which sum the appellees demanded judgment.

It is very clear, we think, that the first paragraph of appellees' complaint did not state facts sufficient to constitute a cause of action.  It alleged the sale and delivery to appellant of certain personal property, for a certain sum of money; but it did not aver that he was indebted to appellees in any sum whatever, or that any sum was due them and unpaid, on account of such sale or on any other account.  It is settled by the decisions of this court, that, in a suit for a money demand upon contract, express or implied, the complaint must show in some manner that the claim, or some part thereof, is due and unpaid.  *Pace* v. *Grove,* 26 Ind. 26 ; *Howorth* v. *Scarce,* 29 Ind. 278 ; *Seldonridge* v. *Connable,* 32 Ind. 375 ; *Green* v. *Louthain,* 49 Ind. 139.  The court erred, we think, in overruling appellant's demurrer to the first paragraph of complaint.

We are of opinion that the court committed an error, also, in overruling appellant's demurrer to the third paragraph of complaint.  From the summary of this paragraph heretofore given, it will be seen that the appellees alleged therein, that in November, 1877, they sold and delivered a certain portable saw-mill and fixtures, but to whom such sale and delivery were made the paragraph did not state.  It alleged, however, that the appellant agreed and undertook to pay the appellees therefor a certain sum of money, as part payment, and made a certain agreement with them, "as a further consideration." It is not averred that the sum of money or any part of it is due and unpaid; but the paragraph counts exclusively upon the alleged agreement made by appellant "as a further consideration." It was alleged that appellant agreed to allow appellees to use the saw-mill and fixtures for thirty days, for their own use and benefit; that he failed and refused to allow them, or either of them, to use the mill or any part thereof, though often requested so to do, and that the use of the mill and fixtures for thirty days was reasonably worth twelve hundred dollars, for which sum they demanded judgment. This paragraph of complaint was clearly bad, we think, on the demurrer thereto, for the want of facts, for the reason that it did

Goodman *v.* Gordon *et al.*

not aver a specific demand by the appellees, or either of them, for the use of the saw-mill and fixtures, made within a reasonable time.

This suit was commenced on the 10th day of September, 1879, nearly two years after the sale and delivery of the mill and fixtures, and the making of the alleged agreement counted upon in the third paragraph of complaint. It will be·observed, that no time is mentioned in the statement of the agreement within which the appellant was to allow appellees the use of the mill and fixtures; and, therefore, it was incumbent on them, as it seems to us, that they should demand the use of the mill and fixtures within a reasonable time. We think they should have shown also, by proper averment, that they could have used the mill at some specific time, and had material on hand ready for such use, and then demanded the use of the mill. Appellant's agreement, fairly construed, was, that if the appellees, within a reasonable time, had any use for the mill, they might use it for thirty days for their own benefit. No breach of this agreement is shown, we think, by the facts alleged in the third paragraph of complaint. Appellant was not bound, under the agreement, to keep the mill and forego the sale thereof, beyond a reasonable time; and the appellees had no right to wait an unreasonable time, and, perhaps, until after appellant's sale of the mill, and then request of him the use of the mill. For aught that appears to the contrary, in the third paragraph, the appellees may have delayed making any request for the use of the mill until after the appellant's sale thereof, and may have then requested the use of the mill, not because they had any use for it, but as a necessary preliminary to the commencement of this action.

Appellant's demurrer to the third paragraph of complaint ought to have been sustained.

This conclusion renders it unnecessary for us to consider or decide any question arising under the alleged error of the court in overruling the motion for a new trial; for the

evidence in the record shows that the finding was had, and the judgment rendered, upon the third paragraph of the complaint, and not upon either of the other paragraphs.

The judgment is reversed, with costs, and cause remanded with instructions to sustain the demurrers to the first and third paragraphs of the complaint, and for further proceedings not inconsistent with this opinion.