Filed May 10, 1893.

---

No. 695.

## Riley v. Walker.

Contract.—*Breach of.*—*Complaint.*— *When Allegation Negativing Payment not Necessary.*—*Personal Services.*—*Damages.*—Where a contract requires something to be done besides simply the payment of money, upon a breach of the contract it is not necessary to allege, in complaint, that the damages are due and unpaid, for the damages are unliquidated in amount, and are a mere incident of the breach, and not a primary object of the contract.

Same.—*Breach of.*—*Complaint.*—*Allegation of Performance or Readiness to Perform.*— *When Unnecessary.*—In an action for breach of a contract, where it is shown that the defendant has repudiated the contract, or refuses to perform his part, it is not necessary to allege performance or readiness to perform on the part of the plaintiff; otherwise such allegation is necessary.

Riley v. Walker.

SAME.—*Variance Between Allegations and Proof.*—*When Fatal.*—In such an action, where the complaint is laid upon the breach of an express contract, it is not sufficient to prove a breach of an implied contract or statutory obligation, for there would be a fatal variance between the complaint and the proof.

SAME.—*Breach of Without Just Cause.*—*Special Finding.*—*Essential Fact to be Found.*—*Conclusions of Law.*—*Recovery.*—In such a case, where the facts are specially found, in order to support conclusions of law favorable to plaintiff's recovery, there must be a finding that defendant's failure to perform was without just and sufficient cause.

From the Marion Superior Court.

*W. P. Kappes,* for appellant.

*F. Winter* and *J. B. Elam,* for appellee.

LOTZ, J.—This action was brought by the appellee against the appellant to recover damages for the alleged breach of a contract.

Appellant demurred to the complaint; his demurrer was overruled, to which he saved an exception; the cause was then put at issue and tried by the court; the court, at the request of parties, made a special finding of the facts, and stated the conclusions of law thereon. Appellant excepted to the first and third conclusions of law, and made a motion for a *venire de novo*, a motion for a new trial, and in arrest of judgment, and for a judgment in his favor on the special findings, each of which motions was overruled, and proper exceptions taken. On appeal to the general term, the judgment of the special term was affirmed. The complaint reads as follows:

"The plaintiff Amos J. Walker complains of the defendant James Whitcomb Riley, and says, that heretofore, to wit, on the first day of April, 1885, the plaintiff and the defendant entered into a contract in writing in partnership, in the giving of lectures by said James Whitcomb Riley, which partnership was to continue for the term of five years, and, by the terms of which, said James Whitcomb Riley was to devote his time to the delivery of lect-

ures, and to meet all demands on him for such services, and the said Amos J. Walker was to be the business manager of said partnership, and to make all contracts with persons desiring lectures by said Riley. The net proceeds of such lectures, after defraying all expenses, were to be divided equally between said Riley and said Walker.

"Thereafter, to wit, on the —— day of October, 1889, while the said partnership was in full force, a contract was entered into between the plaintiff and the defendant on the one part, and Edgar W. Nye and James B. Pond on the other part, whereby it was agreed that said Riley should be engaged by said Nye and Pond to give public readings in conjunction with said Nye, in such cities and towns in the United States and Canada, as said Nye and Pond should select; such readings not to exceed six (6) public appearances in each week, nor to be less than four, and to begin not later than the 22d of October, 1889, and to continue until the first of April, 1890, except the week known as holiday week, from December 24th to December 29th, 1889, which was to be optional with said Nye and Pond. It was further agreed that said Riley should not appear in public under any other auspices than those of said Nye and Pond, during said term, without the written consent of said Nye and Pond; that in case of the serious illness of said Nye or Riley, the said agreement should not be enforced during such inability, and that the management of such entertainments should be exclusively under the control of said Pond.

"In consideration of the services to be rendered by said Riley as provided by the said contract, said Nye and Pond undertook and agreed to pay said Riley the sum of sixty dollars ($60) for each public entertainment which should be given, and all traveling expenses, including sleeping-car fare, payments to be made at the end of each week. And said Riley—at the time of making said contract, and as a part thereof, in consideration of the said contract of

partnership hereinbefore mentioned, then existing between him and said Walker, and of the assent of said Walker to said contract with said Nye and Pond, which assent the said Walker then and there gave—undertook, promised and agreed to pay to said Walker one-third of the said sum of sixty dollars for each entertainment, which, as aforesaid, was agreed to be paid to said Riley by said Nye and Pond. And at the same time, and as a part of the same arrangement, and in consideration of the agreement aforesaid of said Riley to give public readings under the auspices of said Nye and Pond, said Nye and Pond undertook and agreed to pay said Walker the sum of fifty dollars ($50) a week, during the entire term to which said contract was to extend, for services to be rendered by him as traveling agent.

"Plaintiff avers that upon said contract being entered into, said Nye and Pond selected the cities in the United States and Canada, at which such public readings were to be given, and made out a schedule thereof, extending to the first day of April, 1890, and embracing entertainments to be given at the cities so selected, from day to day, from the 22d day of October, 1889, to the first day of April, 1890.

"And thereupon, all parties to the said contract entered upon the execution thereof; the said Riley appearing and giving public readings at the dates and places named in such schedule, and the plaintiff, acting as traveling agent, as he had undertaken to do, and the said Nye and Pond paying to said Riley his traveling expenses and the sum of sixty dollars ($60) for each reading by him given, and to this plaintiff the sum of fifty dollars ($50) per week for his services as traveling agent, as they had agreed to do, and said Riley paying over to this plaintiff one-third of said sum of sixty dollars ($60) for each entertainment, in all respects according to the terms of said contract. And

the plaintiff avers that he and the said Nye and Pond fully performed said contract in respect of all the obligations to be performed by them thereunder.

"But plaintiff avers that said Riley failed and refused to perform the said contract in this respect, to wit: on January 17, 1890, at Madison, Wisconsin, and on the —— day of ——, 1890, at ————, which cities had been selected by said Nye and Pond for public readings to be given by said Riley at the said dates respectively, and which were embraced in the schedule adopted by them, as hereinbefore stated, said Riley, without any just cause for so doing, failed and refused to read or take any part in the entertainments scheduled as aforesaid, to be given at said places at said dates, by reason of which such entertainments could not be given. And afterwards, to wit, on the 30th day of January, 1890, said Riley, without any just cause, or sufficient reason for so doing, announced to plaintiff and to said Nye and Pond, that he would not appear at any of the entertainments which remained to be given in the future, between that date and the first day of April, 1890, and that he would not give any more public readings under said contract, or further perform the same in any way, whereupon said Nye and Pond abandoned the giving of any further entertainments under said contract in conjunction with said Riley, and discharged the said plaintiff from their employ as traveling agent, all of which was done solely on account of the refusal aforesaid of said Riley to perform said contract in any way; nor did said Riley thereafter further perform the said contract in any way. Plaintiff avers that the following cities in the United States and British Columbia had been selected by said Nye and Pond, and included in the schedule aforesaid as places at which public readings would be given under said contract by said Riley in conjunction with said Nye, between the 30th day of January, 1890, and the 1st day of April, 1890, and the date of the entertainment at each

city as fixed in said schedule, being stated below, opposite the names of such city."

Then follows a schedule of the time and place of entertainments. Following the schedule is the prayer, which is in these words, viz.: "Wherefore, plaintiff says he has sustained damages in the sum of one thousand dollars, for which he demands judgment."

Appellant asserts that the case made by the complaint is one for a money demand upon an express contract, and as such it is wanting in an averment that the claim is due and unpaid. If the premises be true, the conclusion necessarily follows, for it is well settled that in a suit for a money demand upon a contract express or implied, the complaint must show in some manner that the claim, or some part thereof, is due and unpaid. *Goodman* v. *Gordon*, 87 Ind. 126; *Pace* v. *Grove*, 26 Ind. 26; *Howorth* v. *Scarce*, 29 Ind. 278; *Seldonridge* v. *Connable*, 32 Ind. 375; *Green* v. *Louthain*, 49 Ind. 139.

The reason for the rule is that, in every action to recover damages for the breach of a contract, the breach must be averred, either in direct terms or by the statement of facts from which it is necessarily inferred. It is essential not only to show a breach, but a continuation of the breach, and in certain kind of cases this can be fully done by the use of the term "due and unpaid." If the obligation of a contract be to pay money simply at a certain time, and is independent of any other condition, then an allegation that the defendant failed to pay when it became due, sufficiently shows the breach, but, standing alone, does not make the complaint good, for after the breach payment may have been made; but the words due and unpaid fully show the right of action.

If the stipulations of a contract require something more to be done than simply to pay money; that is, if one party agree to do or refrain from doing certain things, then, upon a breach, it is not necessary to allege that the damages are

due and unpaid, for the damages are not the primary object of the contract, but merely an incident that flows from the breach, and are unliquidated in amount.

The contract declared upon in the complaint falls within this latter class. *Harman* v. *Moore*, 112 Ind. 221; *Catterlin* v. *Armstrong*, 101 Ind. 258; *Kent* v. *Cantrall*, 44 Ind. 452.

By the terms of the contract, the appellee is required to do something more than receive money, and the appellant is required to do something more than merely to pay money. The purpose to be accomplished by the contract is to give entertainments for the amusement of the public. Appellee agreed to act as the traveling agent, Pond as the business manager, and Nye and Riley as the chief actors for the combination. A traveling agent or business manager might be substituted, but, if either Nye or Riley refused to perform, the combination would be broken, and, to use a homely but expressive phrase, "the show could not go on." Nye and Pond did not agree to pay Riley sixty dollars for each entertainment, as stated in the schedule, at all events, nor did they agree to pay Walker twenty dollars for each entertainment at all events, but each of these stipulations depended upon certain contingencies. The contract expressly provides against sickness and inability. The law raises other contingencies that would defeat a recovery in the event of a breach. It might be advantageous to all the parties to be released from the contract, and if they could obtain employment in the same line for better compensation, no obligation to pay anything would exist. We think the complaint not open to this objection.

Another objection urged against the complaint is that it does not allege performance or willingness to perform the contract on plaintiff's part. There is an allegation that the "plaintiff Nye and Pond fully performed said contract in respect to all the obligations to be performed by them thereunder." This allegation must be taken in con-

nection with the other allegations, which show that the contract was never fully performed by any of the contracting parties.

There is another allegation, however, which shows that the appellant, "Without any just cause or sufficient reason for so doing, announced to the plaintiff Nye and Pond that he would not appear at any more entertainments to be given under the contract, or further perform the same in any way, * * * nor did said Riley thereafter perform the said contract in any way."

It is unnecessary to allege performance, or readiness to perform on the part of the plaintiff, where it is shown that the defendant has repudiated the contract, or affirmatively refused to perform, or denies liability under it. *Floyd* v. *Maddux*, 68 Ind. 124; *Mathis* v. *Thomas*, 101 Ind. 119; *Skehan* v. *Rummel*, 124 Ind. 347; *Phœnix, etc., Life Ins. Co.* v. *Hinesley*, 75 Ind. 1.

We think the demurrer was properly overruled.

The special findings are unnecessarily prolix, and contain a great deal of the evidence, and are unfortunate in not defining the exact terms of the contract. The rights of the parties must be measured by their pleadings and their proof. We desire to call attention to each. The complaint charges the breach of two stipulations of the contract, made for the benefit of the appellee, resulting from the failure of the appellant to perform the contract on his part. The first is the failure of Riley to pay him twenty dollars for each remaining entertainment as per schedule; and, second, the failure of Nye and Pond to pay him fifty dollars per week for the remaining time. Each of these promises is an express and not an implied one. We think it apparent, from the conduct of the parties as found by the court, that they were all working under an agreement for the giving of the entertainments at the times and places fixed by the schedule. We will not attempt to set out the findings or the substance thereof, but will call attention to a

Riley v. Walker.

few of the salient points. It appears that the first memorandum of the contract was made by appellant's agent and sent to the appellee, accompanied by a letter of explanation. This memorandum was never signed. A second memorandum was prepared by appellee and Pond. This second memorandum was never signed, because all. the parties were never together at one place and time. In neither the first unsigned memorandum, nor the accompanying letter, is there an express stipulation that Riley should pay Walker twenty dollars per each entertainment. If it can be inferred from this memorandum that any such obligation rested upon Riley, it is an. implied and not an express one. In the second unsigned memorandum, it is expressly stipulated that Nye and Pond are to pay Walker the twenty dollars for each entertainment, and not Riley. Nor is there anything .in the finding to the effect that Riley ever expressly promised to pay Walker anything. It is true that Walker surrendered his interest in the partnership contract, but so did Riley. Nye and Pond were desirous of obtaining their services, and to have the partnership contract abandoned. Riley consented that Walker should have twenty dollars of the sixty dollars to be paid him for each entertainment. This was merely permissive on his part; he did not promise, expressly or impliedly, to pay it. If Riley refused to perform his part of the contract, and his refusal necessarily resulted in a breach of the stipulations made for the benefit of Walker, we think Riley would be liable to respond for the damages sustained; but this obligation is one raised by law, and not one that arises from an express promise.

The court stated conclusions of law upon the facts found:

"*First.* That the plaintiff is entitled to recover from the defendant the sum of $880, with interest from the first day of April, 1890, at the rate of six per cent. per annum, as the damages sustained by him by reason of the breach of said contract by the defendant as aforesaid.

*Second.* That the plaintiff is not entitled to recover anything as damages for the loss of his employment by Nye and Pond, as manager, as aforesaid.

*Third.* That the plaintiff should have judgment against the defendant for nine hundred and thirty-nine dollars and forty cents ($939.40)."

Granting that the findings in all other respects entitle the plaintiff to a recovery, we think there is a variance between the facts found and the allegation of the complaint, and that the first conclusion of law should have been for the defendant. As no cross-errors are assigned, it is not necessary for us to determine the correctness of the second conclusion. The plaintiff having stated his cause of action to be the breach of an express contract, he can not recover upon a different state of facts from that alleged in the complaint; the variance is fatal, and no recovery can follow. There is a failure of proof. *City of Huntington* v. *Mendenhall,* 73 Ind. 460.

It has often been held that the plaintiff must recover *secundum allegata et probata,* or not at all. *Cleveland, etc., R. W. Co.* v. *Wynant,* 100 Ind. 160.

In the case of *Armacost, Admr.,* v. *Lindley, Admr.,* 116 Ind. 295 (298), it was said that "A party who bases his right of recovery upon the breach of an express special contract can not recover upon proof of a breach of an implied contract, or the failure to perform a legal duty. * * * Nor can there be a recovery where the action is upon an implied contract, if the evidence discloses the breach of a special contract." See, also, *Bartlett* v. *Pittsburgh, etc., R. W. Co.,* 94 Ind. 281, and cases cited.

There is another objection to the conclusions of law. The findings show that, on the 31st day of January, the defendant refused "to proceed any further in the execution of said contract, or in taking part in any of the entertainments yet remaining to be given at the times and places mentioned in said schedule. Such refusal was without

any just and sufficient cause. * * * Ten entertainments had been given from January 18th to and including January 30th, for which payment had not been made to the defendant at the time of his refusal to proceed further in the giving of said entertainments as hereinbefore stated, and the amount due defendant, on account of such entertainments, was retained by Nye and Pond, who claim to have sustained damages, by reason of defendant's refusal, largely in excess of said amount." No fact is found, from which the conclusion can be drawn, that the defendant's refusal "was without any just and sufficient cause." If a party is excused from performing his contract, it is the law that excuses him, and if he is not excused, it is the law that enforces performance. The law springs from the facts, and whether a party is excused or not, can only be determined from the facts. When the facts are not found, it is impossible to determine whether or not a party is excused from performing his contract. In the absence of such facts, it is not proper to draw the legal conclusion that the defendant's refusal was without sufficient cause. But we have here a fact found which, of itself, overthrows this legal conclusion. Nye and Pond had not paid Riley for ten entertainments given, from January 18th to January 30th, amounting to $400, when the contract required them to pay weekly. It may have been that Riley did not want the money, and excused them from paying weekly, but if so, there is nothing in the findings to show it. The findings show a breach of the contract on their part (Nye and Pond), and do not show any excuse for the breach. It may be said that Walker is not responsible for the failure of Nye and Pond, but appellee's complaint contradicts this theory, for he alleges performance, or willingness to perform, on their part. Suppose that instead of Riley refusing to perform it had been Nye that refused. Would it be contended that Riley should, notwithstanding, pay the plaintiff twenty dollars for each remaining entertainment? Surely

his remedy would have been against Nye. To entitle the plaintiff to a recovery in this case, he must not only show a performance, or willingness to perform, on his part, but, also, on the part of Nye and Pond. The findings show that the first breach was on the part of Nye and Pond, and no excuse for the breach is shown.

Looking into the record of this case, we think the ends of justice will be best subserved by reversing the cause, with instructions to the lower court to sustain the motion for a new trial.

Filed May 10, 1893.

### Concurring Opinion.

Ross, J.—While I can not concur in the opinion of the majority of the court, that the complaint is sufficient, I do concur in the opinion that the facts found do not warrant the conclusion of the court in favor of appellee.

Filed May 10, 1893.