Acker *et al. v.* Massman.

No. 1,581.

### ACKER ET AL. *v.* MASSMAN.

LIENS.—*Priority of.*—*Mechanic's Lien.*—*Mortgage.*—*Estoppel in Pais.*—
Where M., who is entitled to a mechanic's lien against the property
of a corporation, informs one with whom the corporation is nego-
tiating a loan that he releases all claim to a lien on said property,
on the faith of which representation such person makes the loan
and accepts a mortgage on the property as security therefor, in the
belief that such mortgage was the first and prior lien thereon, and
M. having (with full knowledge of all the facts and circumstances)
accepted and retained a part of the money so loaned, he is, in equity
and good conscience, estopped from asserting that his mechanic's
lien (which he afterward filed) is superior to such mortgage lien.

From the Jackson Circuit Court.

*R. Applewhite, J. F. Applewhite* and *O. H. Montgomery,*
for appellants.

*W. T. Brannaman* and *W. K. Marshall,* for appellee.

DAVIS, J.—The appellee instituted this action against
the Bruning & Acker Mill Co. upon an account for
work, labor and materials, and to foreclose a mechanic's
lien, and made appellant, Anna M. E. Acker, a party
defendant thereto and asked for judgment of foreclosure
against her as a subsequent and junior mortgagee.

She answered in three paragraphs and the court sus-
tained demurrers to the second and third paragraphs.
These rulings are properly assigned as errors in this
court.

The theory of the second paragraph is that appellee,
by his statements, acts and conduct, is, and ought to be,
estopped from asserting a lien superior to appellant's
mortgage. Its principal averments are, that Massman
had performed all the labor and furnished all the ma-
terial, for which he claims a lien, and made full settle-
ment with the corporation, Bruning & Acker Mill

Co., before appellant's mortgage was executed; that before making the loan evidenced by the note and mortgage of appellant and before accepting the same, William Acker, the mortgagee, went to appellee and informed him of what the company proposed to do in the way of making this mortgage loan, and that Massman expressed himself as satisfied, and further said that he released all claim to a lien on said property; that Acker would not have made the loan but for such statements, as appellee well knew, and, relying thereon, was induced thereby to, and did, part with $5,000 and accept said note and mortgage; that appellee received and accepted a part of the money so obtained from appellant with full knowledge of all the facts, and still retains the same; that appellant purchased the said note and mortgage, relying on the statements of appellee aforesaid, and otherwise would not have accepted the same; that said corporation is now insolvent and its property not sufficient to pay both appellant and appellee in full.

In the third paragraph, in addition to setting out the circumstances and inducements under which the mortgage was taken and the fact of its assignment to appellant, it is averred that at the time of the execution of said note and said mortgage and the acceptance of the same by William Acker it was agreed by and between the said William Acker and the appellee that the lien of said mortgage was to be and should be superior and senior to any lien which appellee might have for the material, work and labor furnished and performed by him in rebuilding the mill mentioned in the complaint and mortgage.

In our opinion each paragraph of the answer was sufficient to withstand the demurrer. On the facts alleged the appellee is estopped to assert priority of lien. Jones

Mort., sections 603 and 608; *Jaqua* v. *Shewalter*, 10 Ind. App. 234.

The appellee was entitled to priority of lien, but he had the right to waive such priority, and having informed Acker that he released such lien and thereby induced said Acker to part with his money and accept a mortgage on the property as security therefor in the belief that such mortgage was the first and prior lien thereon, and having, with full knowledge of all the facts and circumstances alleged in the answer, accepted and retained a part of the money so loaned to said company by Acker, the appellee is in equity and good conscience estopped from asserting that his mechanic's lien, which he afterwards filed, is superior to the lien of appellant's mortgage.

Judgment reversed, with instructions to overrule the demurrer to the second and third paragraphs of the answer.

Filed June 14, 1895.