## PENNSYLVANIA ELEVATOR AND SUPPLY COMPANY v. FOSNOTTE.

[No. 7,287.   Filed June 27, 1911.]

1. PLEADING.—Complaint.—Sufficiency.—Initial Attack on Appeal. —A complaint attacked for the first time on appeal is sufficient if the facts alleged will bar another action for the same cause. p. 168.

2. ACCOUNT.— Sales.— Complaint.— Sufficiency.— "Sold." —A complaint on account alleging that the defendants are "indebted to plaintiff in the sum of $150, with interest thereon, for hay sold and delivered by plaintiff to said defendants," and setting out an itemized statement thereof in a bill of particulars, sufficiently shows that a sale was made at the request of defendants, and that a contract was made therefor, the word "sold" importing a contract of sale of some article of value, made upon a valuable consideration, a price paid therefor, and the mutual consent of the parties.   p. 168.

3. PLEADING.—Complaint.—Sufficiency.—A complaint stating the facts constituting the cause of action in plain and concise language and in such a manner as to enable a person of common understanding to know what is intended, is sufficient.   p. 168.

4. APPEAL.—Considering Evidence.—The Appellate Court will not weigh conflicting evidence; and in determining whether there is evidence to sustain the judgment below, only that most favorable to appellee will be considered.   p. 169.

5. SALES.—Principal and Agent.—Evidence.—Evidence that the plaintiff engaged to deliver certain quantities of hay to a person in charge of a stable at the Indiana state fair grounds, such stable having a large sign over the door with defendant's name thereon, showing that such company dealt in hay and grain, that, later, the general manager of such company drove to plaintiff's house and doubled the order, that the plaintiff delivered the hay to men at such stable and that he had not been paid therefor, sustains a judgment for plaintiff against such company, whether the sale was made in the name of the company or not. p. 169.

6. APPEAL.—Briefs.—Points not argued will not be considered. p. 171.

From Superior Court of Marion County (77,328) ; *P. W. Bartholomew*, Judge.

Action by Isaac Fosnotte against the Pennsylvania Elevator and Supply Company and another. From a judgment for plaintiff, defendant company appeals. *Affirmed.*

*John O. Spahr* and *James A. Ross,* for appellant.

*Addison C. Harris* and *Henry H. Hammer,* for appellee.

IBACH, J.—This was an action filed in the Superior Court of Marion County by Isaac Fosnotte, against appellant and Elmer I. French, on account, for a quantity of hay alleged to have been sold by Fosnotte to said defendants during the month of September, 1908. The complaint is as follows:

"Isaac Fosnotte complains of the Pennsylvania Elevator and Supply Company, a corporation organized and doing business under the laws of the State of Indiana, in said State, and of Elmer I. French, and says that said defendants are jointly and severally indebted to plaintiff in the sum of $150, with the interest thereon, for hay sold and delivered by plaintiff to said defendants during the month of September, 1908, a bill of particulars of which is filed herewith and made a part hereof, marked exhibit A; that said money is past due and unpaid. Wherefore," etc.

Exhibit A shows the amount of hay delivered on each respective day, and the value thereof.

To this complaint defendants each filed an answer in general denial. The cause was tried by the court, without the intervention of a jury, and judgment was rendered against both defendants in the sum of $122.95, from which judgment the Pennsylvania Elevator and Supply Company alone appeals, and assigns as reversible errors that the complaint does not state facts sufficient to constitute a cause of action, and that the court erred in overruling appellant's motion for a new trial. This motion is based on the statutory points that the decision is not sustained by sufficient evidence and is contrary to law.

No demurrer was filed to the complaint, and by appellant's first assignment of error it is attacked for the first

time in this court. Such being the case, the complaint will be held sufficient, if there is no essential allegation wanting, and the facts alleged will bar another action.

The objection made to the complaint by appellant is that it does not contain an averment that the sale was made at the instance and request of defendants, and that it fails to show a contract of any kind.

These points have been fully decided by the courts adversely to appellant in the case of *Curran* v. *Curran* (1873), 40 Ind. 473, and in the later case of *Radebaugh* v. *Scanlan* (1908), 41 Ind. App. 109. In the determination of the latter case, this court quoted with approval the following from 2 Kent's Comm. (12th ed.) *468: "A sale is a contract for the transfer of property from one person to another, for a valuable consideration; and three things are requisite to its validity, viz., the thing sold, which is the object of the contract, the price, and the consent of the contracting parties."

The word "sold" signifies a contract of sale of some article of value made between the parties for a valuable consideration. From this it follows, necessarily, that a contract of sale implies an article sold, a price paid therefor, and a mutual consent by the contracting parties.

Section 343 Burns 1908, §338 R. S. 1881, provides that the complaint shall contain "a statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

The complaint before us, including the itemized statement of account, which is a part of it, substantially complies with the requirements of our code, and a person of common understanding would have no trouble in knowing what was intended. Whether a demurrer to the complaint for want of facts should have been sus-

tained, if presented to the court trying the cause below, we are not called on to decide, but we do now hold it sufficient, since it is attacked for the first time in this court, where the rules of construction are not applied so strictly as where a pleading is attacked by demurrer.

The controlling question presented by this appeal is the sufficiency of the evidence to sustain the finding, and in considering that proposition we shall not weigh the evidence, but shall consider the evidence alone that is most favorable to appellee, and this includes not only the facts that are proved, but also such inferences as may be reasonably deduced from such facts.

We have carefully considered all the evidence in the case; and that most favorable to appellee, and the inferences that we are justified in drawing therefrom, show the following facts: A short time before the opening of the Indiana state fair at Indianapolis, in the year 1908, appellee was a farmer living in Hamilton county, near the Marion county line. He called at a certain stable on the fair grounds, over the main entrance of which was a sign one yard wide and fourteen feet long, containing the following words in large, plain letters: "Pennsylvania Elevator and Supply Company, Hay and Grain." He arranged with a man, later found to be Elmer I. French, "to haul them a load of loose hay each day of the fair, and a load of baled clover." In the building where he first met French was a great deal of straw, and all kinds of hay and corn and oats. Appellee testified that he saw the sign over the door, and negotiated with French for the sale of the hay, and later with a Mr. Gray, the general manager of the Pennsylvania Elevator and Supply Company. After the delivery of the first two loads of hay, said Gray drove to the residence of appellee, about twelve miles distant from Indianapolis, and said to appellee: "We have to have more hay. Instead of one load each day we must have two loads each day." After that, appellee furnished two loads

each day. It also appears from the testimony of the men who delivered the hay, that, when such deliveries were made, both French and Gray were engaged at work about the hay and grain barn, and both gave orders about unloading the hay. Gray assisted one of the witnesses, a driver for appellee, to locate a baler, so that no delay might occur in having the loose hay baled when delivered, and he also requested witness to bring another load the following Monday. After the close of the fair, appellee attempted to locate the parties who bought the hay, and being unable so to do, he placed the account with his attorney, who immediately notified the parties. French called at the office of the lawyer, examined the statement, figured it, and said that the hay was all right, but he doubted whether the last two loads were delivered; that he would see the company and see what the figures were. Gray, who testified that he was the general manager of the appellant, in answer to a telephone call concerning the account, advised the attorney not to be too fast; not to bring suit until he had an opportunity to see French, for the business at the fair grounds had not been profitable.

The evidence showed the amount of hay sold and delivered, the price thereof, and that appellee had not been paid.

The conversation had with Gray, his conduct about the place of business, and his apparent management thereof, show his connection with the purchase of the hay. When these facts are considered in connection with further facts—that a sign of the size and character shown was placed over the main door of the particular place of business advertising the identical business in which his principal was engaged in the city of Indianapolis, and that he was working about the place during the entire week of the fair—we are fully authorized to draw the conclusion that appellee believed, at the time he made the sale and delivery of the hay, that he was dealing with appellant company.

The Supreme Court of this State in determining the case

MAY TERM, 1911.　　171

Pennsylvania, etc., Sup. Co. *v.* Fosnotte—48 Ind. App. 166.

of *O. M. Cockrum Co.* v. *Klein* (1905), 165 Ind. 627, a case very similar to this one, said: "The main question before the jury was the identity of the purchaser. It is not essential to a valid sale that it should be consummated in the name of the real purchaser. If the purchaser is sued for the price and his identity is made out, the contract is not changed by its appearing to have been made by him in the name of another. So, under other facts of this case, if the two-barrel order were made over the signature of O. M. Cockrum, that was by no means conclusive that the sales were made to him."

In the case before us, all the business was transacted with French and Gray. This is by no means conclusive that the sales were made to them individually. When Gray observed the sign of his principal company over the door of his place of business, if it was not appellant's business, that was the time for him to speak, and that was the time for him to notify appellee. And when he assisted in making the purchases from appellee, in the manner the evidence shows he did, his knowledge and his acts, under all the facts proved, became the knowledge of appellant and the acts of appellant, and it must be bound thereby.

The evidence is not in all respects satisfactory, yet it is sufficient to warrant the finding of the lower court.

Appellant also claims that the court erred in permitting appellee to answer a certain question propounded to him.

6. This claim, however, is not supported by any argument, and we are not called on to consider it; and we do not consider it, for the further reason that counsel say in their brief that "it was no doubt harmless."

No reversible error having been found, the judgment is affirmed.