## ALBURN v. BURGE ET AL.

[No. 23,303. Filed October 11, 1917.]

1. SALES.— Action for Price.— Complaint.— Theory.— Instructions.—In an action upon the common count to recover for goods sold, a complaint alleging that defendant was indebted in an amount named for wares and merchandise sold and delivered, accompanied by a bill of particulars made a part of the complaint, as required by §368 Burns 1914, §362 R. S. 1881, is sufficient within the terms of §343 Burns 1914, §338 R. S. 1881, requiring only a plain and concise statement of the facts relied on, to show that recovery was sought for a fixed contract price, the word "sold" signifying a contract of sale made between the parties for a valuable consideration, and the allegation of indebtedness implying a present matured indebtedness due and unpaid, so that instructions that a verdict for plaintiff should be for the agreed price of the goods if one were proven, but if no price were shown to have been fixed by the contract of sale, the recovery should be for the fair cash value as established by the evidence, were proper. pp. 560, 562.

2. SALES.—Action for Price.—Quantum Meruit.—In an action for goods sold and delivered tried as an action upon the common count, the recovery would be upon the quantum meruit, regardless of whether it was for the price fixed by the contract of sale or for the value of the goods as shown by the evidence. p. 562.

From Benton Circuit Court; Burton B. Berry, Judge.

Action by Frank Burge and Ross Ringel, partners doing business as Burge and Ringel, against Guy Alburn. From a judgment for plaintiffs, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) Affirmed.

Stansbury & Billings, for appellant.

Victor H. Ringer and Charles M. Snyder, for appellees.

MYERS, J.—This was an action by appellees against appellant upon the common count. That part of the

complaint pertinent to the questions here presented, in substance, alleges that appellant is indebted to appellees in the sum of $536 for goods, wares and merchandise sold and delivered to him at his special instance and request. A bill of particulars is filed with and made a part of the complaint.

Appellant answered: (1) in general denial; (2) by plea of payment; (3) by a paragraph treated by the court as an argumentative denial. A jury trial of the issues thus formed resulted in a verdict and judgment for appellees. The pleadings are not questioned, and the only error assigned is the overruling of appellant's motion for a new trial, in support of which it is urged that the court erred in giving to the jury instructions Nos. 4 and 10 requested by appellees, No. 11 given by the court on its own motion, and in refusing to give instruction No. 2 requested by appellant.

Instructions Nos. 4, 10 and 11, in substance, told the jury that if they found from a preponderance of the evidence that appellant purchased the goods, wares and merchandise in question from appellees, upon an agreed price, their verdict should be for the value thereof fixed by the contract, if one were proven; but if there were no contract price agreed upon, then appellees would be entitled to recover, if at all, only the fair cash value of the same as established by the evidence. By requested instruction No. 2, appellant sought to have the court tell the jury, in substance, that as there is no allegation in the complaint that the defendant expressly agreed to pay any specific sum for the goods, and although, if they should find from the evidence that he purchased them from plaintiffs, they would be entitled to recover only their fair cash value fixed by the evidence.

These instructions all go to the one question—the

theory of the complaint, which appellant insists is to recover the reasonable value of the merchandise sold, as upon a *quantum meruit,* while appellees contend that the complaint is one to recover a fixed contract price of the articles sold as enumerated in the bill of particulars.

The word "sold" as used in the complaint before us, as said in the case of *Pennsylvania, etc., Supply Co.* v. *Fosnotte* (1911), 48 Ind. App. 166, 95 N. E. 586, "signifies a contract of sale of some article of value made between the parties for a valuable consideration. From this it follows, necessarily, that a contract of sale implies an article sold, a price paid therefor, and a mutual consent by the contracting parties."

The complaint also alleges that the defendant is indebted to the plaintiffs in a sum named which implies "a present matured indebtedness; that is one due and unpaid," (*Jaqua* v. *Shewalter* [1894], 10 Ind. App. 234, 36 N. E. 173, 37 N. E. 1072) the consideration for which is shown by a bill of particulars made a part of the complaint as required by §368 Burns 1914, §362 R. S. 1881. In our opinion the complaint in this case clearly comes within the Code, which requires only a plain and concise statement of the facts relied on, with sufficient certainty to inform a person of common understanding of what is intended thereby. §343 Burns 1914, §338 R. S. 1881. The evidence is not in the record, but it is conceded and the trial court certifies that each and all of the instructions given were within the evidence.

The instructions given by the court below satisfactorily show that the case was tried as an action upon

the common count, wherein, if shown that plaintiffs had fully performed on their part and the nonperformance on the part of the defendant was failure to pay for the goods alleged to have been sold to him at his special instance and request, the measure of the recovery in such action would be the value of the goods or the agreed price therefor. In either case the recovery would be upon the *quantum meruit,* for in the one case the recovery would be the value found to be due from the evidence as to value, and in the other the agreed value or value fixed by the parties. *Peden* v. *Scott* (1904), 35 Ind. App. 370, 73 N. E. 1099. Instruction No. 2 eliminated the theory that a recovery could be had in this case upon evidence showing that the parties had agreed upon a value and was therefore properly refused. Instructions Nos. 4, 10 and 11 authorized a recovery for either the contract price—that is to say the agreed value—or in case there was no agreed value, then the value shown by the evidence. These instructions could not possibly have harmed appellant, and were not erroneous.

The death of one of the appellees since the submission of this cause being suggested, the judgment is therefore affirmed as of the date of submission.

NOTE.—Reported in 117 N. E. 257. Effect on a contract for the sale of a chattel of failure to fix the price, Ann. Cas. 1912B 359.