FRANK L. SPEAKMAN, Trustee in Bankruptcy of the Estate of James F. Nields, *v.* JOHN F. O'CONNOR.

BANKRUPTCY—IN ACTION BY TRUSTEE, ALLEGATIONS THAT DEFENDANT WAS AN "UNSECURED CREDITOR" BY REASON OF "ANTECEDENT DEBT" ARE CONCLUSIONS OF LAW.

The allegation by a trustee in bankruptcy that defendant receiving a preference was an "unsecured creditor" by reason of an "antecedent debt" states conclusions of law.

(*July* 18, 1922.)

RICE and RODNEY, J. J., sitting.

*David J. Reinhardt* for plaintiff.

*James I. Boyce* for defendant.

Superior Court for New Castle County, May Term, 1922. DEMURRER, No. 123, January Term, 1922.

This is a demurrer filed by the defendant to plaintiff's declaration.

The declaration contains two counts. Briefly, the first count, in substance, alleges: that on the 4th day of October, 1919, a pe-

tition in involuntary bankruptcy wherein James F. Nields was alleged to be bankrupt, was filed in the District Court of the United State; that on the 17th day of October, 1919, Nields was adjudged a bankrupt and the cause was referred to the referee in bankruptcy; that on the 27th day of April, 1920, the said Frank L. Speakman was chosen trustee and qualified by giving bond and entered upon the discharge of his duties as trustee; that there were proven, and filed of record in said proceeding, unsecured claims of creditors aggregating $100,000, and that the value of the assets of the said bankrupt amounted to upwards of $500, and that the assets were not sufficient to pay the claims in full; that no preferred claims have been proven and filed against said bankrupt and all claims proven and filed are of one and the same class; that on the 1st day of October, 1919, the said John F. O'Connor was an unsecured creditor of the said Nields in the sum of $3,000, and that the said John F. O'Connor was then and there an unsecured creditor of the said Nields within the meaning of the statutes of the United States of America known and designated as the Bankruptcy Act (*U. S. Comp. St.* §§ 9585-9656); that on the 2d day of October, 1919, and within four months prior to the date of filing the petition in bankruptcy and while the said James F. Nields was insolvent, the said James F. Nields paid to the said John F. O'Connor out of moneys belonging to him, the said bankrupt, the sum of $2,551.59, the same being then and there a payment upon the said unsecured claim of the said John F. O'Connor, and as such a payment on account of an antecedent debt, then and there owed by the said bankrupt to the said defendant, and from which payment there was no present or future consideration; that the said defendant accepted the said payment of money and credited the same against the said unsecured claim against the said bankrupt, he the said defendant then and there knew or had reasonable cause to believe that the said Nields at the time and for some time prior thereto was insolvent and that the said payment made to the defendant by the said Nields was then and there made without present or future consideration, and that said payment did then and there operate as a preference and

then and there did enable the said defendant to obtain a greater percentage of his claims against the said bankrupt than other creditors of the said class; that demand was made of the defendant to surrender or pay to the said plaintiff, as trustee, the said sum of $2,551.59, and that the defendant has failed to do so.

The second count is similar to the first count, the substantial difference being as follows:

That theretofore, to wit, within four months next before the filing of said petition in bankruptcy, to wit, on the 2d day of October, 1919, the said James F. Nields, he then and there being insolvent, did pay and transfer, or cause to be paid and transferred to John F. O'Connor, the defendant, a part of his property, to wit, money amounting to the sum of $2,551.59, the same being a payment then and there made on account of an antecedent debt owed by the said James F. Nields to the said John F. O'Connor, there being no present or future consideration for said payment; that the effect of said payment and transfer will be and is to enable the said defendant to obtain a greater percentage of his debt against the said James F. Nields than other creditors of the same class can or will obtain, and that said defendant did accept and receive said payment of money from the said Nields to apply to an antecedent debt, then and there due him from the said bankrupt and did then and there apply said money to said antecedent debt.

The grounds of demurrer to the first count are:

1.   That the allegation that the said John F. O'Connor was an unsecured creditor of the said James F. Nields is a mere conclusion of law.

2.   That the allegation that the said defendant was then and there an unsecured creditor of the said James F. Nields within the meaning of the statutes of the United States of America known and designated as the Bankruptcy Act is a mere conclusion of law.

3.   That the allegation that the alleged payment made by Nields to O'Connor was a payment upon the said unsecured claim from the said Nields to the said O'Connor is a mere conclusion of law.

The grounds of demurrer to the second count are:

That the allegation that the payment made by the said Nields to the said O'Connor was a payment then and there made on account of an antecedent debt is a mere conclusion of law.

2. That the allegation that the defendent accepted and received the said payment to apply to an antecedent debt is a mere conclusion of law.

Rice, J., delivering the opinion of the Court:

The defendant argues that the allegations "unsecured creditor" and "antecedent debt" are statements of legal conclusions and therefore are not sufficient, and the plaintiff should be required to state facts from which it would appear that the defendant was an unsecured creditor and that the money paid by the bankrupt to the defendant was credited on an antecedent debt.

The plaintiff contends that he has fully alleged in the declaration all the necessary essentials of a voidable preference, and to plead the nature of the indebtedness, between the bankrupt and the defendant, would, in effect, be a statement of the evidence.

We have been unable to find a bankruptcy case in which the question before the court has been considered. Many of the reported cases, and the text-book writers state four essential elements as constituting a voidable preference, viz. insolvency of the debtor, the giving of the preference within four months of bankruptcy, the security to the creditor of a greater percentage of his debt than others, and knowledge by the preferred creditor that he was getting a preference. However, in the same cases, whenever a statement of the declaration appears in the report of the case, there is some statement of the nature and origin of the indebtedness. And we think properly so, for the fact that the declaration must contain allegations of four essentials of a voidable preference should not excuse the necessity of alleging other material facts ordinarily required by the principles of pleading.

We believe the statements "unsecured creditor" and "antecedent debt," as used in the declaration, are statements of legal conclusions and are practically equivalent to a statement that the

bankrupt was indebted to the defendant, and the reported cases hold such a general statement of indebtedness to be a statement of a legal conclusion and, therefore, insufficient. *Larimore v. Wells*, 29 *Ohio St.* 16; *Pelton v. Bemis*, 44 *Ohio* 58, 4 *N. E.* 714; *Bailey v. Richmond*, 49 *N. Y. Super. Ct.* 519; *Jaqua v. Shewalter*, 10 *Ind. App.* 234, 36 *N. E.* 173, 37 *N. E.* 1072.

For the reasons stated the demurrer is sustained to both counts of the declaration.